IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Caitlyn Scott, | Civil Action No.: 4:17-cv-02823-RBH |
| Plaintiff, | |
| v. | **ORDER OF REMAND** |
| Kyle Hall and Roomstogo.com, Inc., | |
| Defendants. | |

Under 28 U.S.C. § 1441(a), a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. District courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Removal statutes are strictly construed against removal, and any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction. *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir. 1993). In addition, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *In Re Blackwater Security Consulting, LLC,* 460 F.3d 576, 583 (4th Cir. 2006) (citation omitted). This includes establishing compliance with the removal statute requirements. *See Marler v. Amoco Oil Co.,* 793 F. Supp. 656, 658-59 (E.D.N.C. 1992). Courts must narrowly interpret removal jurisdiction because of the significant federalism concerns that are raised by removing proceedings from state court. *Id.* Thus, all doubts are resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *see also Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994).

In the instant matter, Defendants removed this case from the South Carolina Court of Common Pleas for Horry County pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants based federal jurisdiction on diversity jurisdiction pursuant to §1332. However, Plaintiff clearly indicated in her complaint that the amount in controversy did not exceed $75,000.00. Defendants' notice of removal failed to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount.

Because the amount in controversy was unclear and this Court may have lacked diversity jurisdiction, the Court entered an Order instructing Defendants to brief the Court and show cause why this case should not be remanded to the state court for the foregoing reasons. The Court stated that Plaintiff may file a binding stipulation that the amount in controversy does not exceed $75,000.00, and the Court will remand this matter to state court.

On October 23, 2017, Plaintiff filed a stipulation as to the amount in controversy indicating the damages sought in this case are not in excess of $75,000.00. Based on Plaintiff's stipulation, it appears that remand is appropriate at the present time. The Court assumes that Plaintiff intends to be bound by her stipulation regarding damages and will not accept any amount of damages greater than $75,000.00 under any circumstances. If that is not the case, Plaintiff shall file a clarification by the close of business on Friday, October 27, 2017.

## **Conclusion**

Based on the foregoing, this case is hereby **REMANDED** to the South Carolina Court of Common Pleas for Horry County, South Carolina. A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of the Horry County Court of Common Pleas.

**IT IS SO ORDERED.**

October 23, 2017  s/ R. Bryan Harwell
Florence, South Carolina  R. Bryan Harwell
  United States District Judge